Dennis J. BIDWELL,
Plaintiff-Appellant,

v.

CITY OF KENDALLVILLE, NOBLE
COUNTY, Indiana,
Defendant-Appellee.

No. 3–1184A300.

Court of Appeals of Indiana,
Third District.

Dec. 12, 1985.

Paul C. Raver, Sr., Kent C. Parr, Raver, Jordan & Associates, Fort Wayne, for plaintiff-appellant.

Daniel F. Diggins, Michael M. Yoder, Emerick & Diggins, Kendallville, for defendant-appellee.

GARRARD, Judge.

From 1979 to 1983 appellant Dennis Bidwell (Bidwell) was a police officer in Kendallville, Indiana. In early 1983, after an incident involving his use of a firearm, Bidwell was accused of conduct unbecoming an officer.

A public hearing was held on April 11, 1983 before the Kendallville Board of Public Works (Board) at which time witnesses were heard and evidence was admitted.

At a public meeting on April 15, 1983 the Board met and announced that it was terminating Bidwell's employment.

Immediately thereafter, Bidwell initiated this lawsuit requesting relief from the Board's decision. On February 6, 1984 the trial court upheld Bidwell's termination, and thereafter he appealed to this court. Other facts, as necessary, will be discussed in the course of this opinion.

On appeal Bidwell urges three grounds for reversal:

1) That his due process rights were violated when, after the April 11 hearing and outside the presence of his attorney, the Board posed certain questions concerning the case to the Kendallville Police Chief.

2) That his due process rights were violated when, before the April 11 hearing certain materials concerning the case were provided to the Board.

3) That his due process rights were violated by the dual role of prosecutor and Board counsel allegedly played by attorney Daniel Diggins.

We affirm.

1) Were Bidwell's due process rights violated when, after the April 11 hearing and outside the presence of his attorney, the Board posed certain questions concerning the case to the Kendallville Police Chief?

Testimony at trial suggests that after the April 11 public hearing there was a meeting attended by the Board and possibly by Craig Streich, the Kendallville Police Chief, but not Bidwell or his attorney. Some testimony indicated that the Police Chief was asked if he could get along without a man on the third shift. From this Bidwell argues that his constitutional right to due process was denied since he did not have an opportunity to object to the materiality or relevancy of the testimony or to cross examine the Chief concerning it.

We cannot reach Bidwell's argument because the issue was not preserved for review.

■ The purpose of a motion to correct errors under Indiana Rules of Procedure, Trial Rule 59 is to put the trial court on notice of the errors alleged so that it may correct them. *Thompson Farms v. Corno Feed Products* (1977), 173 Ind.App. 682, 366 N.E.2d 3, 4 A.L.R. 4th 58. If the motion to correct errors does not put the trial ocurt on notice of the matter complained of, the alleged error has been waived. *Contech Architects and Engineers v. Courshon* (1979), 180 Ind.App. 77, 387 N.E.2d 464.

■ Bidwell's motion failed to satisfy this requirement. In his TR 59 motion, Bidwell stated that the Board met after the April 11 meeting, and that while there was evidence that no additional testimony was taken, "... it is difficult to believe that the Board met with any other purpose...." The Chief's alleged statements were nowhere mentioned.[1] The assigned error

---

**1.** The full text of that section of the motion was:
"II–RECEIPT OF EVIDENCE AFTER THE PUBLIC HEARING

After the public hearing of April 11, 1983, the Board met and to some degree discussed the case even though it had announced that it would reconvene on April 15, 1983 in order to evaluate the evidence presented during the public hearing, make its evaluation of the said evi-

dence and render a decision and announce the Board's decision. Once again, due process of both the U.S. and Indiana Constitutions require that all proceedings be fair, in fact, and have the appearance of fairness as well. While the individual members of the Board testified, generally, that additional evidence was not received after the public hearing, it is difficult to believe that the Board met with any other purpose

does no more than urge the court to speculate that the Board was engaging in some improper purpose. It certainly was inadequate to present the issue Bidwell now attempts to argue concerning the alleged conversation with the police chief. Moreover, if such a conversation occurred as now alleged, it would not present grounds for reversal. It would constitute an impropriety from which Bidwell suffered no harm.

2) Were Bidwell's due process rights violated when, before the April 11 hearing certain materials concerning the case were provided to the Board?

Before the Board held its hearing, Chief Streich provided the Board with copies of the report of Bidwell's suspension, the verified statement of the complaining witness and the Internal Affairs Investigative Team report.

This, Bidwell argues, amounted to the Board receiving evidence before the hearing, was not done in his presence, and amounted to a deprivation of his due process rights. He relies upon *City of Anderson v. State ex rel. Page* (1979), Ind.App., 397 N.E.2d 615.

*Page* also concerned an action to terminate a police officer. There, materials were provided to the Anderson Board of Public Safety before the hearing. However, the record of the hearing did not show that they were ever entered into evidence. It also failed to show that any other evidence or sworn testimony was admitted against Officer Page. The Court of Appeals held, among other things, that since no evidence was admitted against Officer Page, he did not have a full and fair hearing. *City of Anderson v. State ex rel. Page, supra,* 397 N.E.2d at 620.

It went on by way of *dicta* to say:

"Even if we would consider these documents as 'evidence', which they were not, the presentation of same to the Board *three or four days before the hearing* was impermissible. Page was

not present during their presentation and thus, a significant portion of the hearing would have been held in his absence. Later at the formal hearing when Page made his appearance the 'evidence' was already being considered by the Board. Page was therefore denied the right to object to the 'evidence' and, further, denied the right to cross-examine the individuals who had prepared the documents, all of such procedure obviously being contrary to law." (emphasis in original; citations omitted)

The court was merely recognizing that its decision in the case would not have been altered if it considered the unsubmitted documents as evidence, since if it did so, it would necessarily be determining that Officer Page was denied any right to object or to cross examination. That would have violated his right to due process.

■ Here, unlike the hypothetical situation presented in *Page*, Bidwell admits that the documents in question were all admitted into evidence at the April 11 hearing. Thus, his rights to cross examine the witnesses, to object to the admission of testimony, and to produce witnesses to refute this evidence were all preserved. The trial court found that the Board only used the materials given to them to familiarize themselves with the issues of the case, and that its members did not make any decision on the issues involved in the case before the hearing. Bidwell was not denied due process by this action.

3) Were Bidwell's due process rights violated by the dual role allegedly played by City Attorney Diggins?

Bidwell contends that the city attorney improperly acted both as prosecutor and legal advisor to the Board in the proceeding. He cites *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65 in support of his claimed error. In *Stewart* our Supreme Court, noting the appearance of impropriety created, held that a city attorney could not act in the capacity of

immediately after the public hearing on April 11, 1983 without the Plaintiff's case being discussed and reviewed outside the presence of the Plaintiff himself and his legal counsel."

advocate against a charged fireman and as a voting member of the board determining the fireman's guilt.

It is not asserted that Diggins advised the Board concerning Bidwell's guilt or innocence. Bidwell contends due process was violated because Diggins responded to Bidwell's motion that the Board disqualify itself on account of the documents received prior to hearing, discussed *supra*, and because Diggins assisted the Board in drafting its written findings and conclusions.

■ We need not reach the question of whether *Stewart* might reasonably be extended to prohibit a city attorney over objection from serving as prosecutor and legal advisor to the board on rulings and procedural matters during such a hearing. That is not the case before us. Here there is no assertion that Diggins was continually called upon during the proceeding to discharge a double function. There is no suggestion in the argument or the record that any objection was made to the propriety of the city attorney responding to the motion that the Board should disqualify itself. Moreover, the Board's ruling was preserved and presented on appeal. We believe that in the absence of timely objection any error has been waived.

■ Secondly, it is urged that the attorney assisted the Board in preparing its written findings. Assuming the truth of the assertion, such conduct is not within the prohibition of *Stewart*. It is commonplace for the attorney for one, or both, parties to prepare and submit proposed findings which may be adopted by the court in civil cases. *See* TR 52(C). Under the companion federal rule it has been held appropriate for the court to ask one party for assistance in preparing findings without giving notice to the opposing party, *Miller v. Tilley* (1949), 178 F.2d 526, 528, and no denial of due process occurs where the court bases its decision on one party's proposed findings. *Bradley v. Maryland Cas. Co.* (1967), 382 F.2d 415, 422–423. Thus, it was appropriate for Mr. Diggins in his role of advocate to assist in preparation of the findings.

The decision is affirmed.

STATON, P.J., and HOFFMAN, J., concur.