**Robert L. SHOAF, Appellant-Plaintiff,**

v.

**CITY OF LAFAYETTE, Indiana,**
**Appellee-Cross-Appellant.**

**No. 2–776A259.**

Court of Appeals of Indiana,
Fourth District.

June 24, 1981.

Rehearing Denied July 27, 1981.

---

Robert Leirer Justice, Logansport, for appellant-plaintiff.

Richard T. Heide, Lafayette, for appellee-cross-appellant.

CHIPMAN, Judge.

Robert Shoaf (Shoaf) was a police officer for the City of Lafayette (City). He was dismissed from that position by the Lafayette Police Civil Service Commission (Commission). He brings this appeal from the Tippecanoe County Superior Court's affirmance of the Commission's order. Both Shoaf and the City raise various issues for review. However, we believe the following issue is dispositive of the case:

Was Shoaf dismissed without proper notice and opportunity for a hearing contrary to Ind.Code 18–1–11–3? This issue was presented to the trial court in Shoaf's motion for summary judgment. It found he was not, and denied Shoaf's motion. We reverse.

## FACTS

November 3, 1974 Robert Shoaf allegedly had a late night altercation with his ex-wife Chong Shoaf, in her apartment. As a result the police were called.

November 4, 1974 Paul Butler, Chief of Police wrote the following in a letter to Shoaf:

"You are hereby advised that the Lafayette Police Civil Service Commission has been asked by this Officer to dismiss you from the Lafayette Police Department.

This Officer charges you with Conduct Unbecoming an Officer. Re: your conduct during the early hours of 11/3/74."

November 18, 1974 A meeting of the Commission was held during which a number of police reports pertaining to Shoaf were "received and entered into Commission Records." The minutes reflect the following action was taken:

"After reviewing the above [reports] the commission voted unanimously to dismiss Officer Shoaf effective Nov. 18, 1974 and to notify Officer Shoaf of the decision and allow [sic] him 10 (ten) days to present his case."

Shoaf was sent the following from the Commission:

"Dear Sir:

At its regular meeting of November 18, 1974, the Commission reviewed the report and recommendation of Chief Butler concerning your conduct of November 2nd, 1974 and November 3rd, 1974, which was the subject of Chief Butler's letter to you dated November 4th, 1974. The Commission finds that cause exists for your dismissal from the Lafayette Police Department and has ordered the Chief to terminate your employment effective today, November 18, 1974. You may, if you desire, show cause in writing to the Commission why it should vacate this order of dismissal, such cause to be shown in writing no later than ten days from the date you receive this notification."

November 21, 1974 Shoaf requested an appeal by a letter directed to the Commission.

January 13, 1975 The minutes of the Commission's special meeting state Shoaf appeared with counsel and gave recorded testimony under oath in "reference to [the] commission's terminating his services November 18, 1974."

January 25, 1975 The minutes of the Commission's special meeting state that Chong Shoaf appeared and gave recorded testimony under oath. Her testimony was given on the condition that Shoaf's attorney not be present.

February 5, 1975 The minutes of the Commission reflect the following occurred at its special meeting:

"This meeting was called for the purpose of reading [sic] a decision [in] reference to Patrolman Robert L. Shoaf. Chairman stated the commission was to decide if [O]fficer Shoaf with oral and written evidence previously presented, was guilty or innocent of charges.

The commission was unanimous in its decision that Officer Shoaf was guilty. After much discussion regarding penalty it was unanimously agreed by all members that it was to the best interest of the Police Department to confirm its decision of November 18, 1974, to dismiss Officer Shoaf."

Shoaf was sent the following from the Commission:

### "DECISION

The matter of the Chief's request for the discharge of Patrolman Robert L. Shoaf having been brought before the Police Commission,

And on evidence both oral and written received and heard, and upon the request for review by Robert L. Shoaf, The Police Commission does now find, order, and confirm its decision of November 18, 1974, discharging Robert L. Shoaf from the City of Lafayette Police Department."

March 3, 1975 Shoaf sought review of the Commission's decision in the Tippecanoe Superior Court pursuant to IC 18–1–11–3.

June 16, 1975 Shoaf filed a motion for summary judgment in which he alleged the Commission's actions were unlawful for various reasons including its dismissing him prior to an opportunity for a hearing.

August 29, 1975 The trial court denied Shoaf's Motion for Summary Judgment.

██ The granting of a summary judgment is only proper when no genuine issue of material fact exists while viewing the facts in a light most favorable to the non-moving party. " 'However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation.' *Stuteville v. Downing*, [(1979) Ind.App.] 391 N.E.2d [629] at 629, citing *Hayes v. Second Nat. Bank of Richmond* (1978) Ind.App., 375 N.E.2d 647." *Lane v. Barringer*, (1980) Ind.App., 407 N.E.2d 1173, 1175. Here we hold that no genuine conflict exists as to the fact that the Commission dismissed Shoaf without proper notice thereby denying him opportunity for a hearing contrary to IC 18–1–11–3. Therefore the trial court erred in not granting Shoaf's motion for summary judgment.

City contends Shoaf was given proper notice of and had a hearing at the special meetings held on January 13 and 25. They base this on the premise that Shoaf was dismissed by the Commission at its February 5, 1975, meeting. We, however, believe Shoaf was actually dismissed at the first meeting on November 18, 1974. The procedures for police dismissals are set forth in IC 18–1–11–3. That statute gives the Commission the power to dismiss a police officer "for ... cause ... after written notice is served upon such member ... and after an opportunity for a hearing is given." In the same statute the circuit or superior court of the county is given jurisdiction over appeals from the Commission's decisions of dismissal.

██ The jurisdiction of the Commission is limited to those powers conferred on it by IC 18–1–11–3. *Mills v. City of Winchester*, (1959) 130 Ind.App. 397, 162 N.E.2d 97. That statute does not grant the Commission the power to hear an appeal from its own decision of dismissal. Applying that to this situation, it means once the Commission had ordered Shoaf dismissed on November 18 it

had exercised the totality of its authority for this case. The next step as set forth by the statute was a review by the trial court, not by the Commission. The Commission's actions in rehearing this case were contrary to the statute and in excess of its authority. The Commission had no authority to conduct the hearings held on January 13 and 25 nor "to confirm its decision of November 18, 1974 to dismiss Officer Shoaf." Thus, its proceedings and decisions after the November 18 decision are void for lack of jurisdiction.

■ The result is equally required by logic. The focus of the proceedings subsequent to November 18, 1974, differed from that of the first hearing. By conducting the later proceedings in the posture of a rehearing the focus was necessarily on whether the previous decision had been made in error. Such a focus would place the burden of proving the Board's error on Shoaf. A hearing for dismissal is a search for truth concerning the charges levied against a police officer. The board must sit as an impartial fact-finding tribunal, and their process should be free of suspicion. *City of Mishawaka v. Stewart*, (1974) 261 Ind. 670, 310 N.E.2d 65. Once its purpose had changed from that of a fact-finding tribunal to one of a body reviewing its own decision, the Commission lost its impartiality as well as its statutorily defined purpose. Any decision made by the Commission in such a posture would then necessarily be void. *See City of Mishawaka v. Stewart,* supra. As such Shoaf's actionable dismissal occurred on November 18, 1974.[1]

■ Ind.Code 18–1–11–3 provides a member of a police department "may be removed for any cause . . . after written notice is served . . . notifying him . . . of the time and place of hearing, and after an opportunity for a hearing is given, if demanded."

The purpose of the notice specified in the statute is to inform the officer of the charges against him *and* the time and place of the "proposed hearing" at which the Commission will discuss those charges. *State ex rel. Felthoff v. Richards*, (1932) 203 Ind. 637, 180 N.E. 596; *Tryon v. City of Terre Haute*, (1963) 136 Ind.App. 125, 193 N.E.2d 377.

Here Shoaf received a letter on November 4, 1974, from the Chief of Police [2] which informed him the Chief had requested the Commission dismiss Shoaf for conduct unbecoming an officer. Shoaf was *not* notified of the time and place of the hearing at which the Commission would consider the Chief of Police's request. This, at most, was notice to Shoaf only of the nature of the charges against him. This is not sufficient. The statute clearly requires notification of the time and place of the proposed hearing. Thus proper notice was not given.

Proper notice is a prerequisite to the Commission's jurisdiction.

"The procedural steps . . . are mandatory and establish conditions precedent which must be followed before a Board of Public Works and Safety has jurisdiction to remove a fireman for cause. This is necessary in order to afford the person sought to be dismissed with 'due process' as guaranteed by both our State and Federal Constitutions."

*Mills v. City of Winchester*, (1959) 130 Ind. App. 397, 162 N.E.2d 97, 100. Absent proper notice, the Commission did not have jurisdiction to remove Shoaf at its November 18 meeting.

In addition the Commission's failure to give proper notice denied Shoaf any possibility for a hearing before dismissal. Unless the officer is informed of the time of the "proposed hearing" he may inadvertently not demand a full hearing before that date. The Commission's failure in this case

---

1. We note Shoaf's March 3, 1975 filing for review in the Superior Court is in excess of the thirty day period prescribed by IC 18–1–11–3. The statute provides that the City's remedy for an untimely filing is a motion to dismiss. Here, no motion to dismiss was filed.

2. We note that the language of the statute implies that notice be given by the Commission.

to give proper notice is equivalent to giving no notice at all. Where no written notice is given, no demand for a hearing is required. *Hansen v. Town of Highland*, (1958) 237 Ind. 516, 147 N.E.2d 221. As such the improper notice denied Shoaf the opportunity for a hearing before his dismissal.

If we were to allow the Commission to dismiss Shoaf after receiving evidence during a meeting of which he was not notified, we would be condoning the same type of "secret" meetings condemned in *City of Anderson v. State ex rel. Page*, (1979) Ind. App., 397 N.E.2d 615. There we said: "The conduct of the Board in holding such a [secret] meeting was so improper that it fully justified, in our opinion, the finding of the trial court that the ruling of the Board was illegal, arbitrary, and capricious." *Id.* at 620.

We are not holding that every dismissal must be prefaced by a full trial type hearing. However, we do hold that IC 18–1–11–3 requires the officer be given the opportunity to timely demand a full hearing and the opportunity to at least be present at the meeting at which his dismissal is being acted upon. Here the Commission's failure to give Shoaf notice of the meeting and their dismissing him at that meeting in spite of his ignorance of and absence at it, violated Shoaf's statutory and due process rights. *City of Anderson v. State ex rel. Page, supra.*

For the above-stated reason the trial court erred in denying Shoaf's motion for summary judgment. We, therefore, reverse the trial court and remand this case for proceedings not inconsistent with this opinion.

YOUNG, P. J., and MILLER, J., concur.