Rodney D. **KEITH**, Appellant (Plaintiff Below),

v.

**TOWN OF LONG BEACH**, Indiana, Appellee (Defendant Below).

No. 46A03–8807–CV–220.

Court of Appeals of Indiana, Third District.

April 11, 1989.

Rehearing Denied June 29, 1989.

John C. Ruckelshaus, David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Jeffrey L. Thorne, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, for appellee.

STATON, Judge.

After eight years of service as a policeman in the Town of Long Beach, Rodney D. Keith (Keith) was informed that his position had been terminated. Keith challenged the dismissal in court, claiming that he was not dismissed pursuant to the statutory requirements governing dismissal; Long Beach filed a Motion to Dismiss, asserting that Keith did not follow the proper procedure for appealing the decision of the Long Beach Board of Trustees. The trial court agreed with Long Beach, thus dismissing the case for want of jurisdiction. Keith appeals, presenting the following issues for our review.[1]

 1. Whether the trial court erred in finding it did not have jurisdiction?

 2. Whether the trial court erred when it granted the motion to dismiss filed by Long Beach?

Reversed.

On July 13, 1987, the Long Beach Board of Trustees "approved a motion to terminate ... RODNEY D. KEITH as a member of the Long Beach Police Department effective August 1, 1987, subject to the right of said RODNEY D. KEITH to have a hearing conducted on July 27, 1987 prior to the effective date." Affidavit of Long Beach's Counsel, Record, p. 29.

On July 14, 1987, Keith received a letter, informing him that he had been terminated from the police force, and that his termination was effective August 1, 1987, but would be considered at a hearing on July 27, 1987. Included in this letter was a list of misconduct alleged to have been committed by Keith over the past year and a half. The letter did not indicate who had sent it.

Prior to the hearing date of July 27, Keith requested a later date; Long Beach agreed and set a new hearing date of August 19, 1987. However, on that day, Keith filed a Motion to Dismiss the Charges or to disqualify the Board of Trustees; the hearing was not held.

On September 18, 1987, Keith filed a complaint in the LaPorte County Circuit Court, claiming that his dismissal should be reversed because he received no hearing or notice prior to his termination as required by law. Long Beach filed a Motion to Dismiss, asserting that Keith did not follow the procedure for appeal as required by the Indiana Code, i.e., Keith filed no bond and exceeded the 30 (thirty) day time period within which to appeal the Board's decision. Finding that Keith disregarded these statutory requirements, the court dismissed the case for want of jurisdiction.

Thus, the question before us is whether the statute's requirements were met; both parties assert the opposing side disregarded IC 36-8-3-4.

The statute in question is as follows:

---

1. Our disposition of these issues makes it unnecessary for us to address the other issues raised by Keith.

Sec. 4. (a) This section also applies to all towns and townships that have full-time, paid police or fire departments....

(b) Except as provided in subsection (m), a member of the police or fire department holds office or grade until he is dismissed or demoted by the safety board. A member may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon either:

(1) conviction in any court of any crime; or

(2) a finding and decision of the safety board that the member has been or is guilty of any one (1) or more of the following:

(A) Neglect of duty.

(B) A violation of rules.

(C) Neglect or disobedience of orders.

(D) Incapacity.

(E) Absence without leave.

(F) Immoral conduct.

(G) Conduct injurious to the public peace or welfare.

(H) Conduct unbecoming an officer.

(I) Another breach of discipline.

The safety board may not consider the political affiliation of the member in making a decision under this section.

(c) *Before* a member of a police or fire department may be suspended in excess of ten (10) days, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing, if demanded. Written notice shall be given either by service upon the member in person or by a copy left at his last and usual place of residence. The notice must state:

(1) the time and place of the hearing;

(2) the charges against the member;

(3) the specific conduct that comprises the charges;

(4) that the member is entitled to be represented by counsel;

(5) that the member is entitled to call and cross-examine witnesses;

(6) that the member is entitled to require the production of evidence; and

(7) that the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located.

If the corporation counsel or city attorney is a member of the safety board of a city, he may not participate as a safety board member in a disciplinary hearing concerning a member of either department.

\* \* \* \* \* \*

(e) The reasons for the suspension, demotion, or dismissal of a member of the police or fire department shall be entered as specific findings of fact upon the records of the safety board. A member who is suspended for a period exceeding ten (10) days, demoted, or dismissed may appeal the decision to the circuit or superior court of the county in which the unit is located. However, a member may not appeal any other decision.

(f) An appeal under subsection (e) must be taken by filing in court, within thirty (30) days after the date the decision is rendered, a verified complaint stating in concise manner the general nature of the charges against the member, the decision of the safety board, and a demand for the relief asserted by him. A bond must also be filed that guarantees the appeal will be prosecuted to a final determination and that the plaintiff will pay all costs adjudged against him. The bond must be approved as bonds for cost are approved in other cases. The unit must be named as the sole defendant, and the plaintiff shall have a summons issued as in other cases against the unit. Neither the safety board nor the members of it may be made parties defendant to the complaint, but all are bound by service upon the unit and the judgment rendered by the court. (Emphasis added.)

\* \* \* \* \* \*

West's A.I.C. § 36–8–3–4(a)(b)(c)(e) and (f).

In *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, our Supreme Court held that the tenure rights of policemen are "legally protected rights," vested with the same procedural protections afforded other property rights. *Stewart, supra,* 310 N.E.2d at 68.

Long Beach and Keith concede, IC 36–8–3–4 governs any disciplinary action which Long Beach would take against its policemen. In an earlier case, this court has specifically stated:

> The hearing or trial afforded a police officer under the statute in question must comport with due process requirements. Further, the purpose of giving the Board authority to discharge policemen is, of course, to protect the public interest. However, the purpose of the hearing is to protect the accused policeman and formal procedure is required, not to foreclose judicial review, but to protect the one charged.

*City of Anderson v. State ex rel. Page* (1979), Ind.App., 397 N.E.2d 615, 619, citing *State ex rel. Felthoff v. Richards* (1932), 203 Ind. 637, 180 N.E. 596.

In its brief, Long Beach insists that Keith did not meet the statutory requirements and makes the following presumption:

> Keith apparently would ask the Court of Appeals to recognize a "... complete disregard of I.C. 36–8–3–4" as some type of exception to the application of the thirty (30) day filing and other requirements of I.C. 36–8–3–4(f). There is no provision in the statute or in any applicable case law to support the theory that such an exception exists. Clearly, such an exception does not exist.

Appellee's Brief, p. 15. In making this presumption, Long Beach disregards its own statutory obligations, as well as the case law which upholds those obligations.

IC 36–8–3–4 specifically requires that the Board offer a police officer a hearing *prior to* making a decision regarding his termination. Caselaw indicates that, absent a hearing and notice prior to dismissal, the Board has no jurisdiction to dismiss. A decision to the contrary is void.

In *Lipinski v. Town of Chesterton* (1972), 151 Ind.App. 109, 280 N.E.2d 628, this court faced a situation similar to that before us today. There, we held that when the town does not follow the procedure set forth in the statute, the officer's dismissal is void *ab initio*. In *City of New Haven v.*

*LeFever* (1968), 143 Ind.App. 88, 238 N.E.2d 487, 489, this court again stated: "Failure to strictly follow said procedure makes any dismissal void. By ignoring the requirements of § 48–6105 [now IC 36–8–3–4], *supra*, the city cannot legally or effectively discharge a member of its police force...." *See also, Morrison v. McMahon* (1985), Ind.App., 475 N.E.2d 1174, 1179, *reh. denied, trans. denied.*

More recently, in referring to IC 18–1–11–3, the predecessor statute of IC 36–8–3–4, this court stated, "[a]ny decision of the Board predicated upon a hearing devoid of the requisite requirements is illegal and void." *City of Marion v. Antrobus.* (1983), Ind.App., 448 N.E.2d 325, 329.

Finally, although the court below relied on *Shoaf v. City of Lafayette* (1981), Ind. App., 421 N.E.2d 1168, for support, its reliance is based on a partial reading of *Shoaf.* While *Shoaf* does hold that any hearing held after the decision was made is "contrary to the statute," *Shoaf, supra*, at 1171, the *Shoaf* court ultimately concluded that without such a hearing prior to the Board's decision, the Board has no jurisdiction to terminate a policeman's employment. A hearing after the termination is no good: the hearing must be held *prior* to the decision. Specifically, "[p]roper notice is a prerequisite to the Commission's jurisdiction.... Absent proper notice, the Commission did not have jurisdiction to remove Shoaf at its November 18 meeting." *Shoaf, supra*, at 1171.

> The court gives its reasoning as follows: If we were to allow the Commission to dismiss Shoaf after receiving evidence during a meeting of which he was not notified, we would be condoning the same type of "secret" meetings condemned in *City of Anderson v. State ex rel. Page* (1979), Ind.App., 397 N.E.2d 615. There we said: "The conduct of the Board in holding such a [secret] meeting was so improper that it fully justified, in our opinion, the finding of the trial court that the ruling of the Board was illegal, arbitrary, and capricious." *Id.* at 620.

*Shoaf, supra*, at 1172.

Here, the Board held no meeting prior to terminating Keith. The board terminated

Keith on July 13, 1987. On July 14, 1987, Keith was notified that his termination was effective August 1, 1987, but that a meeting would be held on July 27, 1987, if Keith desired it. Although Long Beach offered Keith a hearing, the town had made its decision as of July 13, 1987. Thus, Long Beach terminated Keith without offering him a hearing prior to the decision to terminate; Long Beach did not follow the termination procedure required by IC 36–8–3–4. Therefore, without notice and a hearing as prescribed by statute, Long Beach had no jurisdiction to remove Keith: his dismissal is void.

Despite the above outlined consequences of Long Beach's failure to give Keith a hearing and notice prior to terminating him, Long Beach overlooks such precedent, insisting that nothing exempts Keith from the statutory procedure for appeal. Caselaw indicates otherwise. In *LeFever, supra,* this court held that the Board could not disregard the statute's requirements, while simultaneously insisting that the defendant officer be bound by the statute:

> The city cannot ignore the provisions of a statute detrimental to its action and then rely on its provisions when advantageous to the city.... Since appellant city failed to follow the provisions of the Act, being § 48–6105 [, now IC 36–8–3–4] ..., which protected the appellee from dismissal by persons and in ways not therein prescribed, said procedure for review of a Board's action set forth in such statute is also not applicable.

*LeFever, supra,* 238 N.E.2d at 490, 489–490.

> Similarly, in *Lipinski,* this court stated: [T]he board completely subverted, not only the procedural steps of the statute, but its underlying policy as well. The board is now attempting to argue that even if such is the case the appellant is still bound by the procedure of the statute.

*Lipinski, supra,* 280 N.E.2d at 629. Since the Board terminated Keith without presenting him with the opportunity of a hearing prior to that termination, the Board violated IC 36–8–3–4. Consequently, Keith is not bound to follow its requirements in order to appeal the Board's actions.

Despite this clear precedent exempting Keith from complying with the statutory requirements for appealing the Board's decision, Long Beach does not acknowledge its error. Instead, Long Beach relies on Indiana cases which have upheld the thirty day time limit within which to appeal the Board's decision. However, these cases differ in an important aspect from Keith's position.

In the cases relied upon by Long Beach, the defendants challenged the *decision* of the Board—the cases did not address whether the Board followed the proper *procedure* prescribed by the statute in arriving at its decision. Contrary to this, Keith is challenging the *procedure* by which Long Beach arrived at its decision. Consequently, the cases cited by Long Beach are of little value in supporting its position. Long Beach's own disregard of statutory procedure resulted in its loss of jurisdiction to terminate Keith. Caselaw clearly indicates that Keith need not comply with statutory procedure to appeal the decision reached by the Board.

Indeed, to hold otherwise, would be to construe this legislative "enactment to work an illogical or absurd result." *Jones v. State* (1982), Ind., 438 N.E.2d 972, 980, (Hunter, J., concurring), citing *Walton v. State* (1980), Ind., 398 N.E.2d 667. Despite Long Beach's insistence to the contrary, to find its procedure met the statutory requirements would be absurd; to insist that Keith comply with statutory mandates would be equally absurd since Long Beach's procedure precluded Keith from meeting those statutory requirements.

Keith was terminated on July 13; the final hearing date was set for August 19, 1987—over 30 days after the decision. The defendant is thus in a Catch–22 situation—to utilize his right to a hearing is to forfeit his right to appeal. The absurdity of such a situation further supports the necessity of having a hearing prior to termination—not only to meet the statutory require-

ments, but to protect an officer's due process rights as well.

Similarly, under subsection (f) of IC 36–8–3–4, an appeal is to include "the decision of the safety board." Subsection (b) states what the "decision" must include:

A member may be disciplined by ... dismissal, ... upon ...:

(2) a *finding and decision* of the safety board *that the member* has been or *is guilty of any* one (1) or more *of the following:*

(A) Neglect of duty.

(B) A violation of rules.

(C) Neglect or disobedience of orders.

(D) Incapacity.

(E) Absence without leave.

(F) Immoral conduct.

(G) Conduct injurious to the public peace or welfare.

(H) Conduct unbecoming an officer.

(I) Another breach of discipline....
(Emphasis added.)

West's A.I.C. § 36–8–3–4(b)(2). Here, Keith's "notice" stated that he was terminated, and it listed the charges against him, but Keith had no indication of which charges the board found him to be guilty. No "decision" was included as defined in IC 36–8–3–4(b)(2). Keith was simply terminated. Thus, Keith could *not* comply with the statute's mandate of including the board's "decision" in an appeal; to bind him to it, as Long Beach requests, would be to deny Keith any opportunity to appeal.

 As indicated above, the statute is to protect, not deprive, officers of their due process rights. Long Beach did not follow the statutory procedures; Long Beach thus precluded Keith from being bound by the statute Long Beach disregarded. As Long Beach had no jurisdiction to dismiss Keith, his dismissal is void, "having no legal force or binding effect." Black's Law Dictionary 1745 (4th ed. 1968). Consequently, since Keith's dismissal has no legal force, it cannot affect his wages. Thus, Keith is entitled to backpay. *City of Fort Wayne v. Bentley* (1979), 181 Ind.App. 114, 390 N.E. 2d 1096. *See also, City of Hammond v. Jefferson* (1980), Ind.App., 411 N.E.2d 152.

To hold otherwise would not only be ludicrous, but also contrary to IC 36–8–3–4.

(j) The final judgment of the court may be appealed by either party. Upon the final disposition of the appeal by the courts, the clerk shall certify and file a copy of the final judgment of the court to the safety board, which shall conform its decisions and records to the order and judgment of the court. *If the decision is reversed or modified,* then *the safety board shall pay* to the party entitled to it *any salary or wages* withheld from the party pending the appeal and to which he is entitled under the judgment of the court. (Emphasis added.)

West's A.I.C. § 36–8–3–4(j). Thus, an award of backpay is not discretionary, but mandatory. *City of North Vernon v. Brading* (1985), Ind.App., 479 N.E.2d 619, 626, *reh. denied.* Accordingly, we reverse the court's grant of Long Beach's Motion to Dismiss and remand solely for the purpose of determining the amount of back pay Long Beach owes to Keith.

Because our ruling is a matter of law, we remand only for a determination of the proper amount of damages. As stated in an earlier case,

Where the facts are not in dispute and all material matters appear on the record, it is within the inherent power of appellate courts to render such judgment as will secure to each party his rights. [Citations omitted.]

*Greater Clark County School Corp. v. Myers* (1986), Ind.App., 493 N.E.2d 1267, 1270, *reh. denied, trans. denied.*

Reversed and remanded.

HOFFMAN, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The "decision" of July 13, 1987, was contingent. The "termination" was not to become effective until August 1 because a hearing was contemplated before that date, i.e., on July 27. The notice sent to Keith quite clearly stated that "the issue of his termination would be considered" on July

27. Record at 25. As of that date, July 13, it therefore is clear that the termination had not been effected and that no decision had been made. The termination would be self-executing on August 1 if Keith waived his right to a hearing. But at least as of July 13, no decision had been made.[1]

That the hearing was not conducted on July 27 is attributable to Keith himself. Furthermore, the failure to conduct the hearing as rescheduled for August 19 was again attributable to Keith, who on that date filed a Motion to Dismiss the charges against him or, in the alternative, to disqualify the Board. Such action constituted a waiver of the right to a hearing until such time as he might seek a new hearing date or seek a writ of mandate to compel a new hearing date. In any event his "suspension" (not termination) continued on a day-to-day basis and presumably remains in effect at this time. In my view he is not entitled to back pay—certainly not for the period between August 1 and August 19, and I believe not thereafter.

Here, there has never been an administrative decision with respect to the merits of the charges, nor has Keith been denied a hearing. He has not sought from the Board reinstatement with back pay. Accordingly, the LaPorte Circuit Court correctly dismissed the purported "appeal" as premature or as being sought prior to the administrative process running its course.

Under I.C. 36-8-3-4 (Burns Code Ed. Repl.1989) the indefinite suspension here could properly exceed ten days because the Board offered Keith an opportunity for a hearing, not once but twice. That the Board has not made a determination upon the merits of the charges precludes review by the LaPorte Circuit Court and it does not appear that Keith sought any such decision on the merits.

I would affirm the dismissal.

---

**1.** If, as contended by Keith, the termination decision was made July 13, the statute required Keith's appeal within thirty days thereafter. Keith's purported appeal was not filed until September 18, 1987. I do not premise my dissent upon this arguable failure to comply with the statutory requirement.