**Thomas DOPERALSKI,
Appellant–Plaintiff,**

v.

**The CITY OF MICHIGAN CITY,
Indiana, Appellee–Defendant.**

**No. 75A03–9211–CV–356.**

Court of Appeals of Indiana,
Third District.

Aug. 16, 1993.

John F. Kautzman, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant-plaintiff.

J. Charles Sheerin, Michigan City, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff Thomas Doperalski appeals the decision of the trial court affirming the action of the Police Civil Service Commission (Commission) of the City of Michigan City, Indiana (Michigan City).

The evidence relevant to the appeal discloses that Doperalski was terminated from the Michigan City Police Department by the Commission on February 13, 1991. On March 5, 1991, Doperalski filed his verified petition for judicial review of the Commission's decision.

In February 1992, the trial court entered a decree providing that Doperalski had been illegally terminated and that the Commission's decision should be held for "naught" due to procedural improprieties. Further, the court ordered the matter remanded to the Commission, ordered the appointment of a new Commission, and ordered the method by which the new Commission would make its decision.

In March 1992, Doperalski filed a motion to clarify the decree in that it did not order reinstatement and back pay. Doperalski also filed a motion to correct error. Michigan City filed a Praecipe for the record. In a letter to counsel for Doperalski and Michigan City, the trial judge stated that the decree did not dispose of all issues and that "the record is protected" based upon the parties' filings. In an April 1, 1992 letter to counsel for Michigan City and the new Commission, Doperalski formally objected to the formation of the new Commission and its activities and requested that his objections appear in the record.

The new Commission also recommended Doperalski's termination. The trial court entered an order dated July 31, 1992, which found that the determination of the new Commission was supported by the record. Further, the court determined that because both Commissions arrived at the same conclusion, "justice does not require the ... City to pay Officer Doperalski for any time between the first and second hearing or for any lost time." This appeal ensued. Other facts appear below as necessary to the determination of the issues.

As restated, Doperalski raises two issues for review:

(1) whether the trial court improperly ordered the formation of a new Commission after it properly ruled that the original Commission's decision was a nullity; and

(2) whether the trial court improperly determined that Doperalski was not entitled to reinstatement and back pay.

 First, Michigan City contends that Doperalski erroneously failed to appeal at the time of the trial court's February 1992 decree. As noted above, Doperalski and Michigan City filed documents to initiate an appeal at the time the decree was entered. In response to Doperalski's request for a clarification, the trial court stated that judgment on all matters was purposely withheld.

Ind. Appellate Rule 4(A) provides in pertinent part:

"Appeals from Final Judgments. Appeals may be taken by either party from all final judgments of circuit, superior, probate, criminal, juvenile, county, and where provided by statute for municipal Courts...."

A final appealable order, or judgment of the court, is one which disposes of all issues as to all parties thereby ending the particular case. *Bayless v. Bayless* (1991), Ind.App., 580 N.E.2d 962, 964. The February 1992 decree did not dispose of all issues; thus, it was not a final order.

 Michigan City's suggestion that by filing a motion to correct error, Doperalski conceded that the decree was a final judgment misses the mark. The filing of or ruling on a motion to correct error cannot transform an interlocutory matter into a final judgment for purposes of appeal. *See id.* Doperalski's first opportunity to appeal arose after the July 1992 order which disposed of all issues.

 Doperalski contends that the trial court correctly found that his termination

did not comport with the procedural requirements of the open door law. Further, the termination was accomplished in violation of certain due process considerations.

The original Commission held a hearing on the disciplinary action in an executive session. Evidence was heard and the decision was made to take the matter under advisement.

Then without notice to Doperalski, the Commission members met at the scene of the collision which had spawned the disciplinary action. The members rode in a police car at a designated speed in an effort to duplicate the conditions present at the time of the collision. The police car was driven by one of the witnesses who testified against Doperalski at the earlier executive session hearing.

Approximately one week later at the next regularly scheduled public meeting of the Commission, Doperalski was given an opportunity to resign. Doperalski declined. After review of Doperalski's personnel file, but without a motion or vote, Doperalski was immediately terminated.

In *Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, the court determined that the public safety review board hearing disciplinary charges against Marion County Sheriff Deputies was required to hear evidence and take its final action in an open, public hearing in accordance with the statute governing merit board disciplinary proceedings, IND. CODE § 36–8–10–11(a). The court construed the executive sessions allowed by the Open Door Law, IND.CODE § 5–14–1.5–6(b)(5)(A)–(B), as not violative of the "public hearing" requirements of IND. CODE § 36–8–10–11(a) when the sessions are reserved for deliberations to evaluate evidence, rather than the receipt of evidence.

Contrary to Michigan City's assertion, the reasoning in *Peoples* is fully applicable to the present case. The statute regarding public safety review board disciplinary proceedings applicable to Michigan City, a second class city, is IND.CODE § 36–8–3–4 (1989 Supp.). Decisions rendered under the predecessor statute, IND.CODE § 18–1–11–3, have acknowledged procedural due process requires a full, fair hearing:

" 'at which every party has the right to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required to a full and true disclosure of the facts is essential for wise and just application of the authority of administrative agencies.

An administrative hearing, particularly where the proceedings are judicial or quasi-judicial, must be adequate, or fair and open. There must be adequate notice of issues, and the parties must be given an opportunity to be present, to submit evidence, and to cross-examine witnesses.' " (Citations omitted.) *City of Anderson v. State ex rel. Page* (1979), Ind.App., 397 N.E.2d 615, 619. *See also Keith v. Town of Long Beach* (1989), Ind.App., 536 N.E.2d 552; *City of Marion v. Antrobus* (1983), Ind.App., 448 N.E.2d 325.

Here, the Commission improperly held executive sessions for the purpose of gathering information. Further, the fact-gathering mission at the scene of the accident, which was held without notice to Doperalski and in which a Michigan City witness participated, violated the precepts of a full, fair hearing required by due process. Accordingly, the trial court correctly determined that the original Commission's decision was improper.

■ Also Doperalski alleges that once the trial court determined that the original Commission's order was improper, the statutory authority for judicial review of the Commission's decision does not provide a mechanism for appointing a new Commission or for any action on review other than reinstatement with back pay.

In pertinent part, the statute provides: "(i) The court shall make specific findings and state the conclusions of law upon which its decision is made. If the court finds that the decision of the safety board appealed from should in all things be affirmed, its judgment should state

that, and judgment for costs shall be rendered against the party appealing. If the court finds that the decision of the safety board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out sufficient facts to show the nature of the proceeding and the court's decision on it. The court shall either:

(1) reverse the decision of the safety board; or

(2) order the decision of the safety board to be modified.

(j) The final judgment of the court may be appealed by either party. Upon the final disposition of the appeal by the courts, the clerk shall certify and file a copy of the final judgment of the court to the safety board, which shall conform its decisions and records to the order and judgment of the court. If the decision is reversed or modified, then the safety board shall pay to the party entitled to it any salary or wages withheld from the party pending the appeal and to which the party is entitled under the judgment of the court."

IND.CODE § 36-8-3-4.

The statutory language is mandatory and without exception. *See Keith, supra,* 536 N.E.2d at 557; *City of North Vernon v. Brading* (1985), Ind.App., 479 N.E.2d 619, 625-626. Once the trial court has determined that the decision of the safety board is erroneous, it may only modify or reverse the decision. Here, the trial court's action was tantamount to a reversal. As noted above, reversal is warranted due to the procedural improprieties. Upon reversal of the Commission's decision, the trial court could only order Doperalski's reinstatement and back pay. As inherently fair as the trial court's decision may appear, no authority exists for the court to order the appointment of a temporary, unbiased Commission to render a disciplinary decision.[1]

Consequently, the cause is remanded for an order consistent with this opinion.

Reversed and remanded.

STATON, and MILLER, JJ., concur.

---

[1]. As noted in *Sowers v. City of Fort Wayne, Ind.* (1984), 7th Cir., 737 F.2d 622, 625 "[a]lthough plaintiffs are to be reinstated, defendants remain free to demote plaintiffs for just cause and in accordance with due process." Here, Michigan City remains free to avail itself of the proper procedures for disciplinary action.