Ray HOWARD, Appellant–Plaintiff,

v.

**INCORPORATED TOWN OF NORTH JUDSON, Indiana, Appellee–Defendant.**

No. 75A03–9403–CV–90.

Court of Appeals of Indiana, Third District.

Dec. 19, 1994.

---

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Martin R. Lucas, North Judson, for appellee.

## *OPINION*

HOFFMAN, Judge.

Appellant-plaintiff Ray Howard appeals the trial court's decision dismissing his action for wrongful termination of his position as a deputy town marshal for appellee-defendant North Judson. The facts relevant to the appeal appear below.

The Board of Trustees of North Judson, acting as the safety board, informed Howard of his termination in a letter dated August 7, 1993. The letter was personally served on Howard on August 9, 1993. In relevant part, the letter stated:

> "[The Board] pursuant to I.C. 36–8–3–4 regrets to inform you that at a special public meeting held at 3:00 P.M. on August 7, 1993 it approved a resolution ordering Town Marshal Jim Prater to dismiss you from service in the North Judson Police Dept. effective 12:00 midnight on Monday August 9, 1993.
>
> Please be advised that you have the right to request a hearing pursuant to the terms of said statute as modified by HEA 1492 [the House Enrolled Act, enacted as P.L. 265–1993, amending IND.CODE § 36–8–3–4]. The hearing would take place within thirty (30) days.
>
> Please contact town attorney Martin R. Lucas if you have any questions about this matter".

On August 23, 1993, Howard filed his complaint alleging that North Judson violated the provisions of IND.CODE § 36–8–3–4 by terminating his position as deputy town marshal without a prior hearing and without preferring written charges. Howard alleged violations of his civil rights and requested *inter alia* reinstatement and backpay.

On September 13, 1993, North Judson filed its answer and its motion to dismiss. In its motion to dismiss, North Judson asserted that Howard failed to request a hearing, that

such a request is a condition precedent to jurisdiction by the court, and that Howard failed to exhaust his administrative remedies.

In an order dated December 30, 1993, the trial court dismissed the action for Howard's failure to request a hearing. This appeal ensued.

Howard raises several issues for review. As restated, the dispositive issue is: whether the trial court erred in dismissing Howard's action based upon the court's construction of the amended version of IND.CODE § 36–8–3–4. Specifically, Howard contends that the amended statute does not authorize the termination of a tenured police officer before providing the officer with written notice of the specific conduct leading to disciplinary action and without a hearing which comports with due process considerations.

In relevant part, the amended version of IND.CODE § 36–8–3–4(c) provides:

"Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. ~~if demanded~~. **If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the suspension, demotion, or dismissal.** Written notice shall be given either by service upon the member in person or by a copy left at the member's last and usual place of residence **at least fourteen (14) days before the date set for the hearing. The hearing conducted under this subsection shall be held not more than thirty (30) days after the hearing is requested by the member, unless a later date is mutually agreed upon by the parties.** The notice must state:

(1) the time and place of the hearing;

(2) the charges against the member;

(3) the specific conduct that comprises the charges;

(4) that the member is entitled to be represented by counsel;

(5) that the member is entitled to call and cross-examine witnesses;

(6) that the member is entitled to require the production of evidence; and

(7) that the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located."

[Portions crossed through were deleted in 1993 amendment, portions appearing in bold were added in 1993 amendment].

P.L. 265–1993.

■ This Court has repeatedly held that the statute, or its predecessors, requires a safety board to conduct a hearing *before* taking disciplinary action against a member of a police or fire department.

*See e.g. Dell v. City of Tipton* (1993), Ind. App., 618 N.E.2d 1338, 1342;

*Keith v. Town of Long Beach* (1989), Ind.App., 536 N.E.2d 552, 554–555, Sullivan, J., dissenting.

Absent notice and a hearing prior to dismissal, a board has no jurisdiction to terminate an officer's employment. *Keith,* 536 N.E.2d at 555. Any decision without the procedural safeguards is void. *Id.*

■ Here, North Judson urged and apparently the trial court concluded that the portion of the amendment setting a time frame for the member to request a hearing, five days from the notice, converted the request into a condition precedent to a hearing. However, as a reading of the altered provision reveals, the statute before the amendment noted that the hearing would be held "if demanded." While the amended provision is not a model of clarity, it is abundantly clear that the decisions of this Court have always required notice and a hearing without regard to a request by the member. Moreover, to construe the amended portion to require a request for a hearing would render meaningless the mandatory notice and hearing requirements of the statute. The statute contemplates notice 14 days prior to a hearing. The provision for a hearing is not discretionary within the statute.

■ Further, the notice provision did and still does require the inclusion of specific information which was not included in the notice provided in the instant case. Thus, North Judson did not comply with the statutory requirements which were not altered by the amendment. *Cf. id.* at 556 (city cannot

ignore unfavorable provisions of statute while seeking to enforce provisions to its advantage). The notice provided by North Judson informed Howard only that termination would occur on the date notice was served and that the decision had been made at an earlier "public meeting." Such notice does not comport with due process considerations or with the statute which provides the exclusive means by which North Judson could discharge an officer.

> *Cf. id.* ("notice" announcing termination but without specifying charges upon which dismissal based did not comply with statute's mandate); *Adkins v. City of Tell City* (1993), Ind. App., 625 N.E.2d 1298, 1304 (IND. CODE § 36–8–3–4 provides sole means for safety board to discharge officer).

North Judson's interpretation of the statute would subvert the procedural safeguards of the statute, as well as its underlying policy. *See Keith*, 536 N.E.2d at 556. Because North Judson terminated Howard without presenting him with the opportunity for a hearing *prior* to the termination and because the notice did not comply with the statute or decisions by this Court, the termination of Howard is void.

Howard requested summary judgment after North Judson answered the complaint. It is undisputed that the notice provided by North Judson, as set out above, did not meet the statutory requirements. Further, the notice states that the decision had been made prior to any opportunity for a hearing. Accordingly, Howard is entitled to judgment as a matter of law.

▬ Once a decision of the safety board has been reversed or modified, "then the . . . board shall pay to the party entitled to it any salary or wages withheld from the party pending the appeal and to which the party is entitled under the judgment of the court." IND.CODE § 36–8–3–4(j). An award of backpay is not discretionary but mandatory when the safety board's decision is reversed. *Keith*, 536 N.E.2d at 557. Here, Howard is entitled to reinstatement inasmuch as the decision to terminate his employment is void. *Cf. Doperalski v. City of Michigan City* (1993), Ind.App., 619 N.E.2d 584, 587 n. 1

(city remained free to avail itself of proper procedures for disciplinary action).

The cause is reversed and remanded for a determination of the proper amount of damages. *See Keith*, 536 N.E.2d at 557.

Reversed and remanded.

RATLIFF, Senior Judge, and STATON, J., concur.