Ray HOWARD, Appellant,

v.

**INCORPORATED TOWN OF NORTH JUDSON, Indiana, Appellee.**

No. 75S03–9504–CV–00442.

Supreme Court of Indiana.

Feb. 15, 1996.

David T. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for Appellant.

Martin R. Lucas, North Judson, for Appellee.

ON PETITION TO TRANSFER

DeBRULER, Justice.

This case comes before the Court on petition to transfer. Appellant Ray Howard (Howard) brought suit against Appellee Incorporated Town of North Judson (North Judson) for wrongful termination. The trial court found that Howard had not availed himself of the statutorily available hearing and granted North Judson's motion to dismiss for lack of subject matter jurisdiction. Ind.Trial Rule 12(B)(1). Howard appealed and the Court of Appeals reversed and remanded solely for a determination of the appropriate amount of damages. *Howard v. Incorporated Town of N. Judson*, 644 N.E.2d

592, 595 (Ind.Ct.App.1994). North Judson petitioned for transfer, arguing that the Court of Appeals had erroneously decided a new question of law. Ind.Appellate Rule 11(B)(2)(b). Transfer is granted to address the following issues:

1) whether Indiana Code Section 36–8–3–4 mandates a hearing before dismissal of a police officer;

2) whether the Fourteenth Amendment to the United States Constitution mandates a pre-termination hearing; and

3) whether North Judson violated Howard's rights under Article One, Section Twelve, of the Indiana Constitution.

### Facts

North Judson informed Howard of his impending termination in a letter dated August 7, 1993. The letter was personally served on Howard on August 9, 1993, and said:

The Board of Trustees of the Town of North Judson, Indiana[,] acting as the safety board pursuant to I.C. 36–8–3–4 regrets to inform you that at a special public meeting held at 3:00 P.M. on August 7, 1993[,] it approved a resolution ordering Town Marshal Jim Prater to dismiss you from service in the North Judson Police Dept. effective 12:00 midnight on Monday August 9, 1993.

Please be advised that you have the right to request a hearing pursuant to the terms of said statute as modified by HEA 1492 [the House Enrolled Act, enacted as P.L. 265–1993, amending Ind.Code § 36–8–3–4]. The hearing would take place within thirty (30) days.

Please contact town attorney Martin R. Lucas if you have any questions about this matter.

Howard did not request a hearing and was terminated.

On August 23, 1993, Howard filed his complaint alleging that North Judson violated the provisions of Indiana Code Section 36–8–3–4 by terminating his position as deputy town marshal without a prior hearing and without written charges. Howard alleged violations of his civil rights and requested reinstatement and back pay.

On September 13, 1993, North Judson filed its answer and its motion to dismiss. In its motion to dismiss, North Judson asserted that Howard failed to request a hearing, that such a request is a condition precedent to the trial court's jurisdiction, and that Howard failed to exhaust his administrative remedies. In an order dated December 30, 1993, the trial court dismissed the action for lack of jurisdiction because Howard had not requested a hearing.

### I

Howard claims that North Judson terminated him contrary to Indiana Code Section 36–8–3–4.

In order to guarantee procedural fairness, Indiana has adopted a statutory framework to protect various public safety employees. Indiana law provides in relevant part:

The marshal serves at the pleasure of the town legislative body. However, before terminating or suspending a marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9, the legislative body must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for city fire and police departments.

Ind.Code Ann. § 36–5–7–3 (West 1986).

The marshall may dismiss a deputy marshal at any time. However, a deputy marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9 may be dismissed only if the procedure prescribed by section 3 of this chapter is followed.

Ind.Code Ann. § 36–5–7–6(c) (West 1986). Since Howard had completed the relevant law enforcement course and had been employed for more than six months after the completion of that course, these sections clearly establish that Indiana Code Section 36–8–3–4 applied to him.

In relevant part, the amended version of Indiana Code Section 36–8–3–4(c) provides:

Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing, if demanded. **If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the suspension, demotion, or dismissal.** Written notice shall be given either by service upon the member in person or by a copy left at the member's last and usual place of residence **at least fourteen (14) days before the date set for the hearing. The hearing conducted under this subsection shall be held not more than thirty (30) days after the hearing is requested by the member, unless a later date is mutually agreed upon by the parties.** The notice must state:

(1) the time and place of the hearing;

(2) the charges against the member;

(3) the specific conduct that comprises the charges;

(4) that the member is entitled to be represented by counsel;

(5) that the member is entitled to call and cross-examine witnesses;

(6) that the member is entitled to require the production of evidence; and

(7) that the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located.

Ind.Code Ann. 36–8–3–4(c) (West Supp.1994) (Portions struck out were deleted by the 1993 amendment, portions appearing in bold were added by the 1993 amendment). The question is whether North Judson satisfied these statutory requirements.

■ North Judson sent Howard a letter informing him not that he had been terminated but that the Board had ordered the Town Marshal to dismiss him. At the time that Howard received the letter the termination was not yet effective. If Howard wished to prevent the decision from becoming effective, he needed to request a hearing. The letter had informed him that he had a right to such a hearing. Howard's decision not to request a hearing made the bulk of the provisions of Indiana Code Section 36–8–3–4(c) inapplicable.

Howard artfully argues that the letter he received failed to satisfy the requirements listed in the statute. Unfortunately, he conflates the notice of suspension with the notice required prior to a hearing. The statute in its current form is not ambiguous. If an officer requests a hearing, then he must receive a notice informing him of the time and place of the hearing, the charges against him, etc. Howard's interpretation is untenable, as it would require North Judson to inform Howard of the time and place of the hearing without a determination that he wanted a hearing. The clear intent of the 1993 amendment was to make the hearing optional.

The Court of Appeals interpretation is equally untenable. It asserts, for instance, that "[I]t is abundantly clear that the decisions of this Court have always required a hearing without regard to a request by a member." *Howard,* 644 N.E.2d at 594. Such an interpretation relies on a pre-amendment case, *Keith v. Town of Long Beach,* 536 N.E.2d 552 (Ind.Ct.App.1989), and is inconsistent with the plain language of the 1993 amendment to the statute, which requires that "[t]he hearing ... be held not more than thirty (30) days after the hearing *is requested by the member....* " Ind.Code Ann. § 36–8–3–4(c) (West Supp.1994) (emphasis added). Since the time limits within the statute are driven by the member's request for a hearing, it is the interpretation offered by the Court of Appeals that would render the statute procedurally inadequate because, on its reading, the amendment would provide no guidance as to *when* the hearing had to be held. *Once a member demands a hearing he must receive one,* and the notice of that hearing must satisfy the litany of seven requirements recited in the statute. But under the statute, North Judson had no authority to conduct a hearing *sua sponte,* i.e., without a request for a hearing from Howard. North Judson's actions were consistent with the statute. By not requesting a hearing within five days of receiving the suspension letter, Howard simply waived most of the protection offered by the statute.

## II

Howard claims North Judson's action was an unconstitutional denial of property without due process of law. U.S. Const. amend. XIV, § 2.

■ The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV. Constitutionally protected property means "a legitimate claim of entitlement." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972). The source of such entitlements is the background of statutes, rules, regulations and customs:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561; *see also Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). In this case, the statute did give Howard a property interest in his continued employment.

■ Once we have determined that the due process clause applies to an interest, it remains to be determined what process is due. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985). No matter what the nature of the "property" interest is, the process supplied by a statute must be constitutionally adequate. *Fleury v. Clayton,* 847 F.2d 1229 (7th Cir.1988). "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Loudermill,* 470 U.S. at 542, 105 S.Ct. at 1493, 84 L.Ed.2d at 503 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865, 873 (1950)). Due process requires "that an individual be given an *opportunity* for a hearing before he is deprived of any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119 (1971) (emphasis in original deleted) (emphasis added).

■ The statute in this case establishes both an opportunity and a procedure, and Howard does not challenge the constitutionality of the statute. Howard received notice of North Judson's plan to terminate his employment; that same notice informed him of his right to a hearing. He did not request a hearing but filed a lawsuit instead. Howard, unlike the employee in *Loudermill,* had an "opportunity to respond" and chose not to take it. *See Loudermill,* 470 U.S. at 542, 105 S.Ct. at 1493, 84 L.Ed.2d at 504; *cf. Denes v. State,* 508 N.E.2d 6 (Ind.1987) (criminal defendant must make a contemporaneous objection to an improper argument by the prosecutor in order to preserve issue for appeal). "The *opportunity* for a hearing is due process of law." *Fleury,* 847 F.2d at 1233 (emphasis added). Since North Judson's conduct conformed to the statute which defined the relevant property interest, and the statutorily available process was adequate to protect that interest, there was no denial of property without due process of law.

## III

■ Howard claims that North Judson's actions injured his reputation, entitling him to a legal remedy under the Indiana Constitution. Ind. Const. art. I, § 12.

The protections of Article One, Section 12 have not been fully delineated. This Court has, however, held that that clause does not mandate a pre-deprivation hearing even to protect admittedly important reputational interests. *Indiana Dept. of Envtl. Management v. Chemical Waste Management, Inc.,* 643 N.E.2d 331, 339 (Ind.1994). This Court has never held that a pre-deprivation hearing is required in order to protect reputational interests. We also observe that the Court of Appeals approach of requiring a public hearing would, in many cases, undermine reputational interests as it would mandate a hearing even in those embarrassing situations when a law enforcement officer would not desire one. Finally, even if Article One, Section 12 of the Indiana Constitution re-

quired North Judson to offer Howard a pre-deprivation hearing, North Judson did so and he rejected that offer.

In any event, it is unclear how North Judson's actions affected Howard's reputation. According to the relevant statute, the town marshal was permitted to terminate him at *any* time, subject only to the procedural limitations of Indiana Code Section 36–8–3. Since Howard did not request the public hearing, this series of events could have no appreciable effect on his reputation.

### Conclusion

Accordingly, having granted transfer, we now vacate the opinion of the Court of Appeals and affirm the trial court's dismissal.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.