Benjamin **PRUITT,** Appellant–Plaintiff,

v.

**CITY OF LAKE STATION,**
**Appellee–Defendant.**

**No. 45A04–9702–CV–71.**

Court of Appeals of Indiana.

Sept. 30, 1997.

Rehearing Denied Dec. 1, 1997.

Visvaldis P. Kupsis, Portage, for appellant.

Angelo A. Buoscio, Buoscio, Pera, Kramer & Nowak, Merrillville, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Benjamin Pruitt appeals the trial court's decision to affirm the Board of Public Safety's ("Board") termination of Pruitt from the City of Lake Station Police Department. ("Department").

We reverse and remand.

### ISSUE

Whether the Board wrongfully terminated Pruitt.

### FACTS

On March 2, 1993, Benjamin Pruitt, a Department Sergeant, appeared before the Board and admitted that he had violated two Department rules. Specifically, Pruitt admitted that he had worked another job while on duty at the Department, and that he had entered false information on his employee records. The Board demoted Pruitt from Sergeant to Patrol Man First Class, suspended him for 30 days, and placed him on probation for one year.[1]

On February 1, 1994, Pruitt received the following memorandum from Department Chief Roger Szostek:

> You are being suspended for five days without pay effective this date.

> I am requesting a Board of Public Safety meeting on February 8, 1994 at 3:00 pm to review this matter and to extend this suspension until a hearing may be held regarding your alleged violations of Rules and Policies of the Lake Station Police Department....

(R. 177).

On February 8, the Board held an executive session and terminated Pruitt. That same day, Szostek sent Pruitt a letter which provides in pertinent part as follows:

> I have been instructed by the Lake Station Board of Public Works and Safety to inform you that your employment with the Lake Station Police Department is terminated as of February 8, 1994.

> You are being terminated from employment due to unsatisfactory performance of requirements and duties, displaying unbecoming conduct, and violation of rules and policies of this department as a probationary police officer....

(R. 180).

On June 27, 1996, Pruitt appealed the Board's decision by filing a verified amended complaint against the City of Lake Station wherein he alleged as follows:

> 12. That Benjamin Pruitt received no notice pursuant to I.C. 36-8-3-4 that a hearing would be held on February 8, 1994, at which time he could be terminated, nor did Benjamin Pruitt have the opportunity to defend himself and to call any witnesses at that hearing pursuant to I.C. 36-8-3-4....

> 14. That as a result of his termination without notice and the opportunity for a hearing, Benjamin Pruitt was legally and wrongfully discharged from his position as a Lake Station Police Officer, contrary to I.C. 36-8-3-4.

---

1. Pruitt was permitted to keep both his seniority and his pension.

15. That as a result of his wrongful discharge, Benjamin Pruitt has suffered lost wages, loss of pension and health benefits. (R. 146–47).

On November 5, 1996, the trial court issued an order affirming Pruitt's termination. Specifically, the trial court found that "pursuant to IC 36–8–4–12, [Pruitt] was not entitled to notice or hearing prior to his termination." (R. 239). It is from this order that Pruitt appeals.

### DECISION

■■■ Our review of administrative actions is very limited. *Bird v. County of Allen,* 639 N.E.2d 320, 327 (Ind.Ct.App.1994), *reh'g denied.* We must give deference to the expertise of the administrative body, and we will not reverse a discretionary decision of an administrative body without a showing that the decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.* Our review is limited to determining whether the administrative body adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. *Id.*

Ind.Code 36–8–3–4 provides in pertinent part as follows:

(c) Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the suspension, demotion, or dismissal. Written notice shall be given either by service upon the member in person or by a copy left at the member's last and usual place of residence at least fourteen (14) days before the date set for the hearing. The hearing conducted under this subsection shall be held not more than thirty (30) days after the hearing is requested by the member, unless a later date is mutually agreed upon by the parties. The notice must state:

(1) the time and place of the hearing;

(2) the charges against the member;

(3) the specific conduct that comprises the charges;

(4) that the member is entitled to be represented by counsel;

(5) that the member is entitled to call and cross-examine witnesses;

(6) that the member is entitled to require the production of evidence; and

(7) that the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located.

Our supreme court has held that the statutory requirements are satisfied when the Board notifies the officer that the officer has a right to a hearing before his termination is effective. *Howard v. Incorporated Town of North Judson,* 661 N.E.2d 549, 552 (Ind. 1996). Thereafter, it is the officer's responsibility to request the hearing. *Id.* The officer will then receive a notice informing him of the time and place of the hearing, the charges against him, etc. *Id.* This court has previously noted that when the Board fails to comply with the statute, the Board has no jurisdiction to terminate an officer's employment. *Keith v. Town of Long Beach,* 536 N.E.2d 552, 555 (Ind.Ct.App.1989). A decision to the contrary is void. *Id.*

■■■ Here, the Board did not notify Pruitt that he had the right to a hearing before the Board considered termination of his employment. Accordingly, the Board had no jurisdiction to terminate his employment, and the Board's decision is void. Nevertheless, the City of Lake Station contends that the Board's decision is not void because Pruitt was on probation pursuant to Ind. Code 36–8–4–12 and City of Lake Station Police Department Rule 8.03. Therefore, according to the City, the Board was not required to provide Pruitt with notice and a hearing.

I.C. 36–8–4–12 provides as follows:

The safety board may provide that all appointments to the police or fire department are probationary for a period not to exceed one (1) year. If the safety board finds, upon the recommendation of the chief of the department during the probationary period, that the conduct or capacity of a member is not satisfactory, the safety

board shall notify the member in writing that he is being suspended or that he will not receive a permanent appointment. If a member is notified that he will not receive a permanent appointment, his employment immediately ceases. Otherwise, at the expiration of the probationary period, the member is considered regularly employed.

City of Lake Station Police Department Rule 8.03 provides as follows:

Upon employment by the Department, and for a period on one (1) year thereafter, officers shall be classified as Probationary Patrolman. A Probationary Patrolman is a temporary full-time employee of the Department whose employment may be terminated by the Board of Public Works and Safety at any time during the 1–year probationary period, without cause, and without notice and hearing.

A Probationary Patrolman has no vested interest in his/her employment or his/her rank or his/her employment duties, nor has he/she any property rights therein, such position being temporary (and not permanent) until expiration of the 1–year probationary period.

All new employees of the Department shall, upon their initial employment by the Department sign a statement by which they acknowledge that they have read these provisions of the Rules and Regulations of the Lake Station Police Department and that they agree and consent to be employed upon such conditions, understanding that they may be dismissed without cause and without notice and hearing at any time during the 1–year probationary period.

(R. 128).

Pruitt responds that "[t]hose provisions apply only to new appointments to the force. Officer Pruitt was a fourteen-year member of the force. During his tenure, nothing was done to divest him of his statutory rights." Pruitt's Brief, p. 11. We agree.

Both the statute and the Department Rule are clear that the probationary period of a new City of Lake Station Police Department officer extends for one year. During that time, the Board may assess the officer's general qualifications and performance. If the Board is dissatisfied, it may discharge the probationary officer without notice and a hearing. However, it is equally clear that once an officer has completed his probationary period with the Department, the officer is considered to be a regular or tenured employee, and he may not be discharged without notice and a hearing before the Board. *See, Brinson v. Sheriff's Merit Board of Jefferson County*, 182 Ind.App. 246, 395 N.E.2d 267 (1979).

Pruitt had been a member of the Department for 14 years. He was not a probationary officer within the meaning of I.C. 36–8–4–12 or City of Lake Station Police Department Rule 8.03. Therefore, the Board's termination of Pruitt without notice and a hearing was wrongful.

The City of Lake Station further appears to contend that Pruitt agreed to probationary terms which denied him the right to notice and a hearing. However, our review of the record reveals that Pruitt's attorney clarified Pruitt's understanding of his status as follows:

[I]t's not quite true ... that he has no rights under this probationary. He has a right to be treated fairly by this board, and he has the right to be treated fairly by the chief. He also has a right to be charged on matters which would justify a termination before you terminated him.... [I]nherent in this agreement is the fact that the chief and this board are going to treat him as they would treat any other officer under the same or similar circumstances.

(R. 164–65). Pruitt did not agree to probationary terms which denied him the right to notice and a hearing, and the Board's termination of him without them was wrongful.

Reversed and remanded.

RILEY and BARTEAU, JJ., concur.