The HAMMOND BOARD OF PUBLIC WORKS AND SAFETY and the City of Hammond, Indiana, Appellants–Defendants,

v.

Gerald G. DOUGHTY, Appellee–Plaintiff.

No. 45A04–0012–CV–523.

Court of Appeals of Indiana.

Aug. 8, 2001.

Eugene M. Feingold, Steven P. Kennedy, Munster, IN, Attorneys for Appellants.

John F. Kautzman, Ruckelshaus Roland Kautzman, Blackwell & Hasbrook, Indianapolis, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge

The Hammond Board of Public Works and Safety ("the Board") and the city of Hammond appeal the trial court's judgment entered in favor of Gerald G. Doughty. The Board raises four issues, which we consolidate and restate as whether the trial court lacked subject matter jurisdiction to grant injunctive relief to Doughty. We reverse.

The essential facts are not in dispute. Doughty is a police officer employed by the Hammond Police Department. On June 28, 2000, John Cory, the Hammond Police Chief, presented a letter to the Board setting forth disciplinary charges

against Doughty and requesting his dismissal from the police department. On June 29, 2000, the Board met and considered Cory's request. The minutes from that meeting reflect that two of the board members recommended that the Board "approve" Cory's request to dismiss Doughty. Record, p. 20.

The following day, the Board sent a letter to Doughty advising him that it had received a request for his dismissal, advising him of the specific charges, and advising him that he had a right to request a hearing within five days. Doughty made a written request for a hearing that same day. Doughty's initial hearing was scheduled for July 20, 2000. At Doughty's request, the hearing was continued to August 31, 2000. The matter was once again continued until October 26, 2000.[1]

On September 20, 2000, a month before the scheduled hearing on the matter, Doughty filed this action seeking preliminary and permanent injunctive relief. In his complaint, Doughty alleged that the Board had fired him without a hearing in violation of Ind.Code § 36–8–3–4. On September 21, 2000, the Board amended the minutes of the June 29, 2000 meeting to reflect that the Board "acknowledge[d]" rather than "approve[d]" Cory's letter requesting Doughty's dismissal. Record, p. 158

On October 6, 2000, the trial court conducted an evidentiary hearing on Doughty's request for injunctive relief. On October 31, 2000, the trial court issued an order wherein it concluded that Doughty had been dismissed without the requisite hearing, ordered Doughty reinstated with back pay, and preliminarily and permanently enjoined the Board from reconvening any disciplinary hearing against Doughty on this same set of facts.

The issue on appeal is whether the trial court lacked subject matter jurisdiction to grant injunctive relief to Doughty. "It has long been Indiana law that a claimant with an available administrative remedy must pursue that remedy before being allowed access to the courts. If a party fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction." *Turner v. City of Evansville*, 740 N.E.2d 860, 861–862 (Ind.2001) (citations omitted).

Ind.Code § 36–8–3–4, the statute setting forth disciplinary removal and appeal procedures for police officers, provides, in pertinent part:

(c) Before a member of a police ... department may be ... dismissed, the safety board shall offer the member an opportunity for a hearing. If a member desires a hearing, the member must request the hearing no more than five (5) days after the notice of the ... dismissal....

\*   \*   \*   \*   \*   \*

(e) A member [of the police department] who is ... dismissed may appeal the decision to the circuit court of the county in which the unit is located. However, a member [of the police department] may not appeal any other decision.

The Board argues that it did not terminate Doughty at its June 29, 2000, meeting. Consequently, it is the Board's position that administrative proceedings on the matter have not been completed, that

---

1. With respect to the hearing on Cory's letter, the Board asserts that it was scheduled for July 20, 2000, continued until August 31, 2000, and again continued until October 26, 2000. (Appellant's Brief, pp. 1–3) However, the Board gives no citation to the record for this assertion. The CCS does not begin until Doughty filed his complaint on September 20, 2000. Therefore, I do not have a record cite for these facts. Nevertheless, Doughty accepted the Board's statement of the case in his appellee's brief. *See* Appellee's Brief, p. 1.

Doughty has failed to exhaust his administrative remedies, and that the trial court therefore lacked subject matter jurisdiction to issue injunctive relief. Because Ind.Code § 36–8–3–4 is clear that the Board must have actually dismissed a police officer before the police officer may seek judicial review, resolution of this issue is dependent upon whether the Board dismissed Doughty from service.

The Board argues that it simply received Cory's letter on June 29, 2000, and that the hearing on the disciplinary charges and requested dismissal is still pending. Doughty, on the other hand, argues that because the "original minutes [from the June 29th meeting] clearly state that the Board approved [Cory's] request to terminate" him, it follows that he was necessarily fired on June 29, 2000. Appellee's Brief, p. 13. In response, the Board argues that whether the Board "approved" or "received" Cory's letter requesting Doughty's discharge is merely a matter of semantics. In support, the Board points out that there was no change in Doughty's status after the June 29th meeting: he continues to be listed on the rolls of the police department, receives health benefits, and holds all indicia of membership in the department. We agree with the Board.

In *Howard,* a police officer was served a letter on August 9, 1993, which was dated August 7, 1993, informing him of his impending termination. *Howard v. Incorporated Town of North Judson,* 661 N.E.2d 549, 551 (Ind.1996). The letter read, in pertinent part:

The Board ... regrets to inform you that at a special public meeting held at 3:00 P.M. on August 7, 1993[,] it approved a resolution ordering town Marshal Jim Prater to dismiss you from service in the North Judson Police Dept.

effective 12:00 midnight on Monday August 9, 1993.

Please be advised that you have the right to request a hearing ...

*Id.* In holding that the statutory requirements of Ind.Code § 36–8–3–4 are satisfied when the Board notifies the officer that the officer has a right to a hearing before his termination is effective, our supreme court noted that the above quoted letter informed the officer "not that he had been terminated but that the Board had ordered the Town Marshal to dismiss him." *Id.* at 552.

■ Here, the letter the Board sent to Doughty, in pertinent part, is as follows:

Please be advised the Board ... has received notice from the Chief of Police requesting your dismissal from the Hammond Police Department pursuant to I.C. 36–8–3–4(b)(2)(B) and (b)(2)(G)[.]

*      *      *      *      *      *

You have the opportunity to request a hearing in this matter pursuant to I.C. 36–8–3–4(c). If you wish to have a hearing, you must request the hearing not more than five (5) days after notice of the dismissal. . . .

Record, p. 25. This letter does not inform Doughty that he had been terminated. It did not even inform him that the Board had "approved a resolution ordering [someone] to dismiss [him] from service" as in *Howard.* *Howard,* 661 N.E.2d 549 at 551. The letter merely notified Doughty that his dismissal had been requested and that he had the right to request a hearing on the matter.

■ Although the minutes from the Board's meeting on June 29, 2000, reflect that two members of the Board approved Cory's request to dismiss Doughty, we do not find that language to be dispositive. Just as the officer in *Howard* was not terminated at the time the Board "ap-

proved" the resolution ordering the town marshall to fire him, so Doughty was not terminated when the Board "approved" Cory's letter bringing disciplinary charges against him. Our holding is further bolstered by evidence that there has been no change in Doughty's status since the June 29th meeting in that he continues to receive full benefits as an officer of the Hammond Police Department.

As further evidence of the Board's alleged intent to terminate him at the June 29th meeting, Doughty points to the testimony of Anthony Bonaventura, one of the members of the Board, who testified that it was his belief that no further action would need to be taken to terminate Doughty if Doughty did not request a hearing. We are not persuaded that Bonaventura's testimony establishes the Board's intent to terminate Doughty. The letter the Board sent to Doughty clearly did not terminate him nor did it fix a date that his termination would be effective. As such, the Board would have had to have further proceedings to accomplish his termination whether or not Doughty requested a hearing, and Bonaventura's mistaken belief regarding the legal consequences of the Board's actions is irrelevant.[2]

Having determined that Doughty was not terminated on June 29, 2000, and as it is undisputed that the administrative hearing on the merits of the charges never began, it follows that Doughty has failed to exhaust his administrative remedies. *See, e.g., Turner,* 740 N.E.2d at 862 (holding that the court lacked jurisdiction to hear the plaintiff's complaint because there was still an administrative review pending). Therefore, the trial court lacked subject matter jurisdiction to issue injunctive relief. Consequently, we reverse the judgment of the trial court and direct dismissal of Doughty's suit to allow for the administrative process to be completed.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

KIRSCH, J., and MATTINGLY–MAY, J., concur.

---

2. Likewise, Doughty's reliance on *Keith v. Town of Long Beach* is in error. *Keith v. Town of Long Beach,* 536 N.E.2d 552 (Ind.Ct. App.1989), *reh'g denied.* In *Keith,* a police officer received a letter on July 14, 1987, informing him that he had been terminated from the police force effective August 1, 1987, but that his termination would be considered at a hearing on July 27, 1987. *Id.* at 553. The court held that because the Board had terminated the officer without offering him a hearing prior to the decision to terminate, the officer's dismissal was void. *Id.* at 556. The facts of this case differ in that Doughty was never informed that he was terminated nor has the Board ever contended that he had been. Moreover, as our supreme court pointed out in *Howard, Keith* was decided prior to the 1993 amendments to I.C. § 36–8–3–4(c). *Howard* makes clear that *Keith* would not have the same outcome if decided today. *See Howard,* 661 N.E.2d at 552 (noting that at the time the officer received the letter his termination was not effective, and all the officer needed to do to keep the decision from becoming effective was to request a hearing).