**D.L. b/n/f G.L., Appellant–Plaintiff,**

v.

**PIONEER SCHOOL CORPORATION, Pioneer Board of School Trustees and Larry John, Appellees–Defendants.**

No. 09A02–1103–MI–271.

Court of Appeals of Indiana.

Nov. 29, 2011.

Bradley A. Rozzi, Hillis, Hillis, Rozzi & Knight, Logansport, IN, Attorney for Appellant.

Robert L. Murray, Hanna, Small, Sabatini, Becker, Murray & Cox, Logansport, IN, Attorney for Appellees.

## OPINION

MAY, Judge.

D.L., by his next friend G.L. ("Mother"), appeals the trial court's denial of his request to overturn his expulsion from Pioneer High School. D.L. claims his due process rights were violated during his administrative hearing. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 14, 2010, D.L., a student at Pioneer High School ("School"), told Mother about allegations against him regarding inappropriate sexual conduct with another student. The next day, Mother and D.L.'s stepfather met with the Dean of the school corporation and the Principal of the School regarding the allegations. On October 16, Mother received written notice of the allegations against D.L. and a request for expulsion from the School. Mother retained counsel for D.L. soon thereafter.

D.L.'s counsel, Bradley Rozzi, corresponded by phone and mail several times with the School and with the Expulsion Hearing Officer, Larry John. On November 1, Rozzi requested a continuance of the expulsion hearing scheduled for November 4, but John denied that request. The expulsion hearing was held on November 4 in the School's library. Rozzi was permitted to be present on the School premises, but was not allowed to attend the hearing. D.L, Mother, D.L.'s father, and D.L.'s stepfather attended the hearing.

During the hearing, the School called several witnesses who testified about multiple incidents, each involving a different victim, during which D.L. exposed himself or made unwanted sexual advances.

Mother was permitted to question each witness, and she also presented witnesses who spoke favorably of D.L.'s character. On November 8, John issued a written summary of the evidence presented, the parties' arguments, his findings, and the action taken based on those. The hearing officer expelled D.L. until June 5, 2011.

On December 8, D.L. filed a Notice of Judicial Review with the Cass County Superior Court, alleging the School violated his due process rights before and during the expulsion hearing. The trial court held oral argument on the matter on February 4, 2011, and on February 6, it issued an order upholding D.L.'s expulsion, finding:

8. As a result of Counsel Rozzi not being allowed to participate directly in the expulsion hearing, student was denied **effective** assistance of counsel, denied an **effective** right of confrontation, denied an **effective** right to construct a record, denied **effective** notice and opportunity to prepare related to ad hoc allegations made against student during the expulsion.

\* \* \* \* \* \*

11. While Counsel Rozzi's direct participation in the expulsion would have insured **effective** due process for the student; the court is not convinced a different result would have been made by the expulsion examiner.

(App. at 9) (emphasis in original).

## DISCUSSION AND DECISION

■ D.L. argues the trial court erred when it denied his request to overturn his expulsion. When reviewing an expulsion proceeding, the trial court will overturn the expulsion only if it is "arbitrary or groundless." *Board of School Trustees of Muncie Community Schools v. Barnell by*

*Duncan,* 678 N.E.2d 799, 805 (Ind.Ct.App. 1997).

██ When, as is the case here, a trial court enters findings of fact and conclusions thereon *sua sponte,* the findings "control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." *Tracy v. Morell,* 948 N.E.2d 855, 862 (Ind.Ct.App.2011). We review findings for clear error, and we review conclusions of law *de novo. Bowyer v. Ind. Dep't of Natural Res.,* 944 N.E.2d 972, 983 (Ind. Ct.App.2011), *reh'g denied.* A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applies an incorrect legal standard. *Id.* at 983–84.

D.L. does not specifically contest any findings of fact. Instead he argues the trial court's decision was contrary to law. We disagree.

██ The Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 12 of the Indiana Constitution provide for due process in judicial proceedings, though the type of proceeding determines exactly what process is due. *See Howard v. Incorporated Town of North Judson,* 661 N.E.2d 549, 553 (Ind.1996) ("Once we have determined that the due process clause applies to an interest, it remains to be determined what process is due.") In the context of expulsion proceedings, we have consistently held the general due process requirements of "notice and an opportunity for hearing appropriate with the nature of the case" apply to expulsion hearings. *Lake Central School Corp. v. Scartozzi,* 759 N.E.2d 1185, 1190 (Ind.Ct.App.2001). Nevertheless, the full panoply of due process protections need not be provided in an expulsion hearing:

By "fair proceeding" we mean that the person adversely affected is afforded the opportunity to respond, explain, and defend. However, this Court has cautioned that due process does not guarantee any particular form of procedure; rather it is only intended to protect substantial rights. To this end, courts have generally refused to require the traditional formalities of legal proceedings in school suspension and dismissal hearings.... Due process thus requires not an elaborate hearing before a neutral party, but simply an informal give-and-take between student and disciplinarian which gives the student an opportunity to explain his version of the facts.

*Id.* (citations omitted).

██ D.L. claims he did not receive "proper notice of the allegations" against him. (Br. of Appellant at 8.) Our legislature defined the notice requirements for an expulsion hearing:

An expulsion may take place only after the student and the student's parent are given notice of their right to appear at an expulsion meeting with the superintendent or a person designated under subsection (a). Notice of the right to appear at an expulsion meeting must:

(1) be made by certified mail or by personal delivery;

(2) contain the reasons for the expulsion; and

(3) contain the procedure for requesting an expulsion meeting.

Ind.Code § 20–33–8–19(b). The record includes the certified mail receipts from the notices sent to D.L. and his parents, which indicated he was subject to expulsion based on "inappropriate sexual behavior (5 allegations)" and the procedure by which the expulsion hearing would be held. (App. at 139.) D.L. has not explained how the notice he received failed to meet the

statutory requirements.[1]  Accordingly we decline to hold the trial court erred in finding he received proper notice.

 D.L. also argues he was "deprived of the right to counsel at the expulsion hearing." (Br. of Appellant at 15.)  However, the Federal and State constitutions do not confer the right to counsel in an expulsion meeting. *Scartozzi,* 759 N.E.2d at 1188, 1191.  Thus, D.L.'s argument fails.

 Additionally, D.L. cites several other examples of times he alleges he was denied his due process rights during the expulsion hearing.  These instances include: "D.L. was forced to participate in the expulsion hearing without receiving proper notice of the allegations" (Br. of Appellant at 10); "student witnesses were ordered by the School administrators to be housed together . . . [and thus] the opportunity for witnesses to discuss the hearing and their testimony was readily available and therefore, not in compliance with normal due process safeguards" (*id.* at 12); "[t]he School blatantly violated D.L.'s due process rights by introducing [an alleged victim]'s statement into the record," (*id.* at 13); and "[t]he absence of any specific findings in the hearing officer's written summary requires the assumption that the hearing officer's conclusion was based on inappropriate evidence," (*id.* at 14).  None of D.L.'s arguments contain citation to relevant case law.  Instead they are bald assertions of error without legal reasoning therefor.  Accordingly, he waived these for failure to support the claims with "citations to authorities [and] statutes" in violation of Ind. Appellate Rule 46(A)(8)(a), and we decline to address them.

As D.L. has not demonstrated the trial court's decision upholding his expulsion was contrary to law, we affirm its decision.

Affirmed.

NAJAM, J., and RILEY, J., concur.

---

1.  He seems to suggest he is due the same process as if he were subject to a criminal proceeding.  However, case law dictates due process in an expulsion hearing is subject to a lower standard of due process.  *See Scartozzi,* 759 N.E.2d at 1190 (describing level of process due at an expulsion hearing).