**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 29 2014, 10:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. ANDREW PERKINS**
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**DAVID E. COREY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: | ) ) ) | |
| L.S. & S.S., Minor Children, | ) ) | |
| and, | ) ) | |
| T.S., Father, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) ) | No. 25A05-1405-JT-238 |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) | |

**September 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

T.S. ("Father") appeals the termination of his parental rights. We affirm.

## Issue

Father raises three issues, which we consolidate and restate as whether the trial court's findings and conclusions support the termination of his parental rights.

## Facts

Father and A.S. ("Mother") have two children, S.S., who was born in 2007, and L.S., who was born in 2008. The Department of Child Services ("DCS") became involved with the family in August 2012, when Mother was hospitalized after she attempted to commit suicide and Father was incarcerated in the Allen County Jail on pending criminal charges. A child in need of services ("CHINS") petition was filed, and the children were later found to be CHINS.

Father was eventually convicted of federal drug and gun charges and sentenced to eighteen months on the drug charge and sixty months on the gun charge, to be served consecutively. Father was also sentenced to four years of supervised release on each of the charges, to be served concurrently. No services were offered by DCS to Father during his incarceration.

In November 2013, DCS filed a petition to terminate Mother's and Father's parental rights. In January 2014, Mother's parental rights were terminated.[1] On March 20, 2014, a fact finding hearing was held regarding the termination of Father's parental rights. Following the hearing, the trial court issued an order concluding in part:

> 1. The children have been removed from the home and custody of the father . . . for more than six (6) months pursuant to the terms of the dispositional decree.
>
> 2. There is a reasonable probability that:
>
> > a. The conditions that resulted in the children's removal and continued placement outside the home will not be remedied by the father; and/or
> >
> > b. That continuation of the parent-child relationship poses a threat to the Children's well-being.
>
> 3. The father has an extensive criminal history with four (4) Felony convictions in the State of Indiana beginning in 1992 with the latest State conviction occurring in 2005; each of these convictions involving the possession of and dealing in quantities of marijuana resulting in his incarceration.
>
> 4. The father's most recent arrest and incarceration occurred in 2010 and he has remained incarcerated up to the present time; being convicted on Federal charges in 2012 for possession with intent to distribute marijuana and for possession of a firearm in furtherance of a drug trafficking crime.
>
> 5. [Father's] earliest release date is in October 2015.
>
> 6. The father has failed to demonstrate to the Court how he plans to support himself and the children, provide stable housing, and establish a support system if and when he is released.

---

[1] Mother does not appeal the termination of her parental rights.

7.     Upon his release, the father would be required to participate in services and the earliest anticipated reunification date between the father and the children would be in 2017.

8.     The children need and require permanency and cannot wait indefinitely for the father to remedy his habitual patterns of behavior.

9.     Termination of parental rights is in the best interests of both children.

10.    There is a satisfactory plan for the care and treatment of the children, that being adoption.

App. pp. 94-95.  Father now appeals.

## Analysis

Father argues that the trial court's findings and conclusions do not support the termination of his parental rights.  "When reviewing the termination of parental rights, we do not reweigh the evidence or judge witness credibility."  In re I.A., 934 N.E.2d 1127, 1132 (Ind. 2010).  We consider only the evidence and reasonable inferences most favorable to the judgment.  Id.  "We must also give 'due regard' to the trial court's unique opportunity to judge the credibility of the witnesses."  Id. (quoting Indiana Trial Rule 52(A)).  Where a trial court enters findings of fact and conclusions thereon, as the trial court did here, we apply a two-tiered standard of review.  Id.  "First, we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment."  Id.  We will set aside the trial court's judgment only if it is clearly erroneous, which occurs if the findings do not support the trial court's conclusions or the conclusions do not support the judgment.  Id.

4

A petition to terminate a parent-child relationship must allege:

> (A) that one (1) of the following is true:
>
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>>
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>>
>> (iii) The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
>
> (B) that one (1) of the following is true:
>
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
>>
>> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
>>
>> (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
>
> (C) that termination is in the best interests of the child; and
>
> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). DCS has the burden of proving these allegations by clear and convincing evidence. I.A., 934 N.E.2d at 1133.

5

### *I. Conclusions*

Father claims that two of the trial court's conclusions are not supported by the evidence. Father first challenges the conclusion that the children had been removed from <u>his</u> home and custody for more than six months pursuant to the terms of the dispositional decree. Father contends that the children were removed from Mother's custody while he was incarcerated and that, if the trial court believed they were in his custody at the time of removal, the trial court "may have considered his inability to assert custodial rights to be an impediment to alleviating the conditions which caused removal." Appellant's Br. p. 11. He claims, "This erroneous conclusion suggests the trial court examined [Father] through an improper lens." <u>Id.</u>

Regarding the children's removal, the trial court specifically found:

> 5. The children were removed from the care and custody of the mother on August 23, 2012 as a result of mother being placed at an in-patient facility pursuant to a 72 hour emergency detention related to the mother's mental health issues and threats she made that she might commit suicide.

> 6. At the time of the children's removal, the father was incarcerated in the Allen County Jail as the result of his arrest on February 10, 2010, involving multiple drug related Federal charges.

App. p. 89. When read as a whole, the trial court's order does not suggest that it was confused or mistaken about the fact that the children were in Mother's custody and Father was incarcerated when DCS became involved with the family. This argument is unavailing.

Father also argues that the trial court's use of the term "and/or" in its conclusion that there is a reasonable probability that the conditions resulting in removal would not be remedied "and/or" the continuation of the parent-child relationship poses a threat to the children's wellbeing is inherently ambiguous and does not adequately identify which conclusion the trial court reached. App. p. 94. Father contends that, because of this wording, he cannot know with certainty which sub-part to challenge.

We cannot agree with Father that the wording of this conclusion rises to the level of fundamental error. It is clear that the trial court concluded at least that the conditions that resulted in the children's removal would not be remedied or that continuation of the parent-child relationship poses a threat to the children's wellbeing, if not both. Thus, this is not a situation in which the trial court failed to make the necessary conclusion.

Moreover, the trial court included paragraphs of the applicable law in its order. One of those paragraphs describes what is considered when determining whether the conditions that led to the children's removal or placement outside Father's home will not be remedied. There is no comparable paragraph describing what is considered when determining whether the continuation of the parent-child relationship poses a threat to the children's wellbeing. Thus, although this conclusion might have been more artfully drafted, we glean from the order as a whole that the trial court was focused on the failure to remedy the conditions that led to the children's removal or placement outside Father's home.[2]

---

[2] Father also asserts, without citation, that "the use of the word 'and' means that the evidence must fully support both conclusions in order for the trial court's termination order to be properly affirmed by the

7

Father also argues that the trial court discounted progress he had made while incarcerated, overemphasized his criminal history before the children were born,[3] failed to recognize DCS's refusal to provide the children with letters Father had written because they were not age appropriate, and should have considered his October 2015 release date more favorably. These arguments are nothing more than a request for us to reweigh the evidence. We decline. See I.A., 934 N.E.2d at 1132.

To the extent Father argues that the trial court's findings do not support the conclusion that the conditions resulting in the children's removal would not be remedied, we are not persuaded. The trial court found that Father was incarcerated at the time of the children's removal, that his earliest possible release date was October 12, 2015, and that the earliest Father could complete services so that the children could be placed with him would be in 2017. The trial court also found that Father's criminal history began in 1992 and involved several drug-related convictions and that, upon his release from prison, Father will be required to participate in four years of supervised release, a

Court." Appellant's Br. p. 12. We disagree. Even if the trial court concluded that DCS proved both factors, DCS was only required to prove one of the factors. See K.T.K. v. Indiana Dep't of Child Servs., Dearborn Cnty. Office, 989 N.E.2d 1225, 1231(Ind. 2013) (addressing a previous version of the statute and observing "DCS need only prove one of the two grounds alleged in the petition for involuntary termination under section 31-35-2-4(b)(2)(B)."). Thus, the termination of Father's parental rights can be affirmed upon a showing just one factor. See id. at 1231-34 (declining to address whether DCS proved that the continuation of the parent-child relationship posed a threat to the children's wellbeing after determining that DCS proved that the conditions resulting in removal would not be remedied even though the trial court had determined that both allegations were satisfied).

[3] Father contends that the trial court erred in admitting evidence of his criminal history that predates the children's births. However, because he does not support the evidentiary challenge with cogent reasoning and citation to authority as required by Indiana Appellate Rule 46(A)(8)(a), this argument is waived. See D.L. v. Pioneer Sch. Corp., 958 N.E.2d 1151, 1155 (Ind. Ct. App. 2011).

violation of which could result in his return to prison. The trial court found that Father was unable to provide credible information about how he had earned a living over the past ten years, had no assets in excess of $1,000, and failed to provide any specific details as to how he would support himself and the children upon his release or where he would live.

Contrary to Father's arguments, this is not a situation in which he demonstrated that he is unlikely to reoffend or that his release from incarceration was imminent. Cf. In re G.Y., 904 N.E.2d 1257, 1263 (Ind. 2009) (considering a parent's fitness for the first twenty months of the child's life and her good-faith effort to better herself while incarcerated to find that the likelihood of her reoffending was not strong enough to support the conclusion that termination of the parent-child relationship was in the child's best interests); In re M.W., 943 N.E.2d 848, 856 (Ind. Ct. App. 2011) (concluding that the trial court's findings were not supported by clear and convincing evidence where a parent had made extensive efforts to comply with DCS requirements and was due to be released from incarceration less than three months after the termination hearing), trans. denied. The evidence supports the trial court's findings, and the findings support the conclusion that there is a reasonable probability that the conditions resulting in the Children's removal would not be remedied.

## Conclusion

The trial court's findings and conclusions support the termination of Father's parental rights. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.